IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CANDY FAUST,

                                                                                           OPINION AND ORDER

                  Plaintiff,

                                                                                           13-cv-323-bbc

     v.

CAROLYN COLVIN,
Acting Commissioner, Social Security Administration,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is an appeal of an administrative decision denying plaintiff Candy Faust's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits and supplemental security income. Plaintiff alleged that she suffered from a number of impairments, including back and hip pain, but the administrative law judge concluded that she was not disabled because she retained the ability to perform a significant number of jobs. Because I agree with plaintiff that the administrative law judge erred by not considering plaintiff's own testimony, I am remanding the case for further proceedings.

OPINION

Plaintiff first challenges the language the administrative law judge used to assess plaintiff's credibility:

After careful consideration of the evidence, the undersigned finds that the

1

>claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

AR 24.

Plaintiff is correct that the Court of the Appeals for the Seventh Circuit has criticized similar language in several other decisions because it "implies that the ability to work is determined first and is then used to determine the claimant's credibility." Bjornson v. Astrue, 671 F.3d 640, 645 (7th Cir. 2012). See also Shauger v. Astrue, 675 F.3d 690, 696 (7th Cir. 2012); Punzio v. Astrue, 630 F.3d 704, 709 (7th Cir. 2011); Martinez v. Astrue, 630 F.3d 693, 696–97 (7th Cir. 2011); Spiva v. Astrue, 628 F.3d 346, 348 (7th Cir. 2010); Parker v. Astrue, 597 F.3d 920, 922 (7th Cir. 2010). It is perplexing why the Social Security Administration insists on continuing to use this boilerplate language despite repeated admonishments by the court of appeals. Regardless, the commissioner is correct that an administrative law judge's use of the boilerplate is not a ground for reversing the decision so long as he "otherwise points to information that justifies his credibility determination." Pepper v. Colvin, 712 F.3d 351, 367-68 (7th Cir. 2013).

A more substantive argument is that the administrative law judge failed to address almost all of plaintiff's testimony and written statements in his decision. This includes her testimony regarding limitations in the use of her right hand, her inability to lift even ten pounds, her need to keep her legs elevated, the increased limitations she suffered after re-injuring her back in November 2011 and the extent of her pain in her back and hips. AR

41, 52, 57, 58-59, 60, 62-63, 66. Plaintiff cites Zblewski v. Schweiker, 732 F.2d 75, 79 (7th Cir. 1984), for the proposition that, "when the ALJ fails to mention rejected evidence, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."

The commissioner acknowledges grudgingly that the administrative law judge ignored plaintiff's testimony in his decision, but the commissioner defends the omission with the proposition that "an ALJ need not mention every snippet of evidence in the record." Arnett v. Astrue, 676 F.3d 586, 591-92 (7th Cir. 2012). However, plaintiff's testimony and statements cannot be described as a "snippet" of evidence. It is well established that the administrative law judge "cannot ignore a line of evidence that suggests a disability," Bates v. Colvin, 736 F.3d 1093, 1099 (7th Cir. 2013), which is what he did in this case. See also Martinez v. Astrue, 630 F.3d 693, 696-97 (7th Cir. 2011) (remanding case for administrative law judge's failure to consider all evidence).

The commissioner also lists various reasons for questioning plaintiff's credibility, such as previous work that plaintiff performed and the medical opinions in the record. This argument is a nonstarter because the administrative law judge never determined what was credible and what was not. Further, although the administrative law judge included in his decision some of the observations that the commissioner cites, he never explained specifically how or even whether those observations undermined plaintiff's credibility. In fact, this is a consistent problem throughout the administrative law judge's decision. It is primarily a list of different pieces of evidence from the record with little explanation of the importance

3

of the evidence or how it fits together. This is a situation in which the administrative law judge's reasoning is "so poorly articulated as to prevent meaningful review." Bates v. Colvin, 736 F.3d 1093, 1101 (7th Cir. 2013).

Finally, even if I assumed that the administrative law judge had considered plaintiff's testimony and that he found that testimony not credible for the reasons stated by the commissioner, that would make the decision internally inconsistent. The administrative law judge stated that he gave "as much possible benefit of the doubt to the claimant's subjective complaints," AR 25, which suggests that he was treating her testimony as credible. Accordingly, I must remand the case to the administration law judge for reconsideration.

Plaintiff raises a litany of other challenges to the administrative law judge's decision. Although many of these could qualify as harmless error, because the case is being remanded on other grounds, it makes sense to give the administrative law judge an opportunity to clarify his opinion to address plaintiff's other concerns. In particular, the administrative law judge should do the following:

- explain the extent to which he is relying on plaintiff's past work experience to question her credibility regarding her current ability to work in light of his conclusion that none of plaintiff's work experience since her disability onset date qualifies as substantial gainful activity;

- reconsider his reliance on the state agency consultants' opinions in light of plaintiff's testimony that she can no longer lift 40 pounds as the consultants believed and in light of developments in plaintiff's condition since the consultants gave their opinions, discussing the factors in SSR 96-6p;

- reconsider the weight to be placed on the October 2010 physician assistant's note, AR 447, in light of the fact that it does not come from an "acceptable medical source" under SSR 06-3p, while also considering all of the conclusions in the note rather than just those that undermine plaintiff's claim;

- address the portion of the medical records included in Exhibit 3F that plaintiff says supports her claim;

- explain the extent to which he is relying on plaintiff's application and receipt of unemployment benefits in light of the requirement in 20 C.F.R. § 416.210(b) that applicants for disability benefits must first apply for unemployment benefits and in light of the different standards involved in obtaining unemployment benefits and disability benefits;

- explain the basis for his finding that plaintiff suffers from a moderate limitation in persistence and pace and include the basis for that limitation in his residual functional capacity assessment and his hypothetical to the vocational expert;

- explain the basis for his finding that plaintiff would be off task 10 percent of the time and for plaintiff's limitations in reaching, handling and fingering.

Plaintiff raised other issues as well, but I have not included them in the list because she did not develop them. For example, she argues that the administrative law judge failed to follow SSR 96-5p and 20 C.F.R. §§ 416.902, 416.926, 416.927 and 416.946, but she does not identify any particular requirements in these rules that the administrative law judge violated.

It is not without some hesitation that I am remanding this case. As the commissioner notes, plaintiff does not cite a medical opinion from a treating or reviewing medical professional that supports a finding of disability, so it is not surprising that the administrative law judge did not find in plaintiff's favor. However, because it is well established that the administrative law judge is required to consider all the evidence and the commissioner did not develop an argument in favor of a finding of harmless error, I must remand the decision for further proceedings.

ORDER

IT IS ORDERED that plaintiff Candy Faust's motion for summary judgment, dkt. #13, is GRANTED. The decision denying plaintiff benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered this 31st day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge